IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, et al.,

        Petitioners,               MISC. NO. S-06-0006 DFL GGH

    vs.

CINDY L. BARNES,                FINDINGS & RECOMMENDATIONS

        Respondent.

_____/

        The United States has filed a petition to enforce a tax summons against the above referenced respondent. On February 1, 2006, this court issued an order to show cause for respondent to appear on April 13, 2006, and explain why she should not be compelled to obey the Internal Revenue Service summons issued on September 2, 2005. There was no response to the order to show cause. Respondent also did not file a defense or opposition. Therefore, the matter was submitted without a hearing.

        The Ninth Circuit has summarized the well established and frequently referred to requirements for enforcement of an IRS summons:

> To obtain enforcement of a summons, the IRS must first establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 254-55 (1964). The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn statement of the revenue agent who issued the summons

1

1       declaring that the Powell requirements have been met. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a 'heavy' burden is placed on the taxpayer to show an 'abuse of process' or 'the lack of institutional good faith.' Dynavac, 6 F.3d at 1414.

Fortney v. United States, 59 F.3d 117, 119 (9th Cir.1995); Ponsford v. United States 771 F.2d 1305, 1307, 1308 (9th Cir.1985); Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir.1985).

      Revenue Officer Ayotte states that the purpose of the summons at issue is to conduct an investigation "of Cindy L. Barnes to determine financial information for the collection of assessed income tax for the years ending December 31, 1997, December 31, 1998, and December 31, 2001." The summons requests documents for the period "January 1, 2004 to to [sic] date of full compliance with this summons ..." Such an investigation is a legitimate use of the summons power of § 7602.[1] The other Powell requirements have also been met in this case, as noted by this court in the OSC, filed February 1, 2006.

      Based on the foregoing principles, and an examination of the United States' petition, the Verification of Revenue Officer Rebecca Ayotte, and the entire record in this case the Court finds as follows:

      1. The United States has established its case for enforcement of the IRS summons issued to Cindy L. Barnes;

      2. The summons was issued for a legitimate purpose, it seeks information that may be relevant to that purpose, and seeks information not already in the government's possession;

---

[1] Even a secondary purpose by the Service in seeking the requested material does not defeat the Service's assertions. Tiffany Fine Arts, Inc. v. United States, 469 U.S. 310, 105 S. Ct. 725 (1985) (dual purpose); United States v. La Salle National Bank, 437 U.S. 298, 98 S. Ct. 2357 (1978) (even an illegitimate secondary purpose will not preclude enforcement in light of a legitimate purpose).

1  3. The summons was issued in conformation with the administrative steps
2  required by the Internal Revenue Code;
3  4. The United States' petition in this matter, along with the verification of
4  Revenue Officer Rebecca Ayotte and the court's February 1, 2006 order to show cause were
5  personally served on respondent Cindy L. Barnes.
6  5. Respondent has presented no defense or opposition to the United States'
7  petition, as mandated by paragraph 6 of the court's February 1, 2006 order to show cause.
8  Accordingly, IT IS RECOMMENDED that the United States' petition for
9  enforcement of the IRS summons at issue in the case be GRANTED and that the summons be
10  enforced.
11  These findings and recommendations are submitted to the United States District
12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13  days after being served with these findings and recommendations, any party may file written
14  objections with the court and serve a copy on all parties.  Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16  shall be served and filed within ten days after service of the objections.  The parties are advised
17  that failure to file objections within the specified time may waive the right to appeal the District
18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19  DATED: 6/2/06                                              /s/ Gregory G. Hollows

                                                              _____
20                                                            GREGORY G. HOLLOWS
                                                              UNITED STATES MAGISTRATE JUDGE
21  GGH:076
    Barnes0006.IRS.wpd
22
23
24
25
26

3